Patrick Darby
Stewart M. Cox
Joshua D. Johnson
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:     (205) 521-8000
Facsimile:      (205) 521-8800

*Attorneys for Defendant Wellmont Health System*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al*.,<br><br>              Debtors. | |
| Lehman Brothers Holdings Inc., as Plan Administrator, and Lehman Brothers Special Financing Inc.,<br><br>              Plaintiffs,<br><br>v.<br><br>Wellmont Health System,<br><br>              Defendant. | Civil Action No.:1:14-cv-01083-(LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF WELLMONT HEALTH SYSTEM'S
<u>REPLY IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.      Overview ............................................................................................................... 1

II.     Argument .............................................................................................................. 2

        A.      The Bankruptcy Court lacks the authority to enter a final order. ........................... 2

                (i)     This Adversary Proceeding is non-core. .................................................... 3

                (ii)    Even if core, the Bankruptcy Court lacks the authority to enter a final
                        order under *Stern* ................................................................................ 3

                (iii)   Wellmont has a Seventh Amendment right to a trial by jury. ................... 7

        B.      Wellmont is not forum shopping. ................................................................ 8

III.    Conclusion ........................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Commodity Futures Trading Comm'n v. Schor*,
   478 U.S. 833 (1986) .......................................................................................... 6

*Complete Mgmt., Inc. v. Arthur Andersen, LLP, (In re Complete Mgmt., Inc.)*,
   No. 01-03459, 2002 WL 31163878 (S.D.N.Y Sept. 27, 2002) .......................... 5

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
   462 B.R. 457 (S.D.N.Y. 2011) ...................................................................... 2, 4

*Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Intern. Ltd.*,
   905 F. Supp. 2d 526 (S.D.N.Y. 2012) ............................................................... 4

*Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*,
   349 B.R. 108 (Bankr. S.D.N.Y. 2006) ............................................................... 7

*EXDS, Inc. v. RK Electric, Inc. (In re EXDS, Inc.)*,
   301 B.R. 436 (Bankr. D. Del. 2003) ............................................................... 7, 8

*Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*,
   No. 12-1200 (U.S. argued Jan. 14, 2014) ...................................................... 5, 6

*Germain v. Conn. Nat'l Bank*,
   988 F.2d 1323, 1330 (2d Cir.1993) ................................................................... 7

*Geron v. Levine, (In re Levine)*,
   No. 11 Civ. 9101(PAE), 2012 WL 310944 (S.D.N.Y. Feb. 1, 2012) ................ 4

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33 (1989) ............................................................................................. 4

*Hirsch v. London S.S. Owners' Mut. Life Ins. Ass'n Ltd. (In re Seatrain Lines, Inc.)*,
   198 B.R. 45 (S.D.N.Y. 1996) ............................................................................. 7

*In re 20/20 Sport*,
   200 B.R. 972 (Bankr. S.D.N.Y. 1996) ............................................................... 8

*In re CIS Corp.*,
   172 B.R. 748, 756 (S.D.N.Y. 1994) ................................................................... 3

*In re Gen. Media, Inc.*,
   335 B.R. 66, 76 (Bankr. S.D.N.Y. 2005) ........................................................... 3

*In re Lehman Bros. Holding Inc.*,

No. 13 CIV. 07481 LGS, 2013 WL 6633431 (S.D.N.Y. Dec. 17, 2013) (J. Schofield)  4, 5

*KHI Liquidation Trust v. Wisenbaker Builder Servs., Inc. (In re Kimball Hill, Inc.)*

480 B.R. 84 (Bankr. N.D. Ill. 2012) .................................................................. 7

*Kirshcenbaum v. Fed. Ins. Co., (In re EMS Fin. Serv., LLC)*,

491 B.R. 196 (E.D.N.Y. 2013) .......................................................................... 4

*Kriegman v. Philips (In re LLS Am., LLC)*,

09-06194-PCW11, 2013 WL 1331025 (Bankr. E.D. Wash. April 1, 2013)...................... 7

*Lehman Brothers Holdings, Inc. v. Ford Global Treasury, Inc.*,

Case No. 12 Civ. 8201 (RA), Docket No. 7 (S.D.N.Y. April 8, 2013) ............................. 3

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,

4 F.3d 1095 (2d Cir. 1993)........................................................................ 1, 2, 4, 8

*Silverman v. Tudon Ins. Co., (In re Lenders Abstract and Settlement Servs., Inc.)*,

493 B.R. 385 (E.D.N.Y. 2013) .......................................................................... 4

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,

486 B.R. 579 (S.D.N.Y. 2011)........................................................................... 1

*Smith v. Dowden*,

47 F.3d 940 (8th Cir. 1995) ........................................................................... 8

*Stern v. Marshall*,

131 S. Ct. 2594, 2620 (2011)................................................................. passim

## Federal Statutes

11 U.S.C. § 362............................................................................................ 3

11 U.S.C. § 542............................................................................................ 3

28 U.S.C. § 1334.......................................................................................... 9

28 U.S.C. § 157(d) ............................................................................... 1, 8, 10

## Other Authorities

Brief for Petitioner at I, *Executive Benefits*, No. 12-1200 (U.S. Sept. 9, 2013) ...................... 5, 6

Defendant Wellmont Health System ("Wellmont") replies to the Memorandum of Law in opposition (the "Opposition") filed by Plaintiffs Lehman Brothers Holdings Inc, as Plan Administrator, and Lehman Brothers Special Financing Inc. (together, "Lehman" and collectively with Wellmont, the "Parties") to Wellmont's Motion to Withdraw the Reference (the "Motion") in the above-styled adversary proceeding (the "Adversary Proceeding") as follows:

I.     **Overview**

Lehman's primary argument accuses Wellmont of misleading the Court and forum shopping.  These unsupported accusations do not address any of the *Orion* factors, which clearly favor withdrawal of the reference, as set forth in the Motion.  Wellmont's efforts to protect its Constitutional right to have an Article III judge preside over this Adversary Proceeding are completely transparent and are a good faith exercise of its statutory rights under 28 U.S.C. § 157(d).  Lehman's accusations do not change the fact that the Adversary Proceeding is a state law breach of contract dispute and a non-core proceeding.

The single most important factor in determining cause to withdraw the reference is whether the bankruptcy judge may enter a final order.  *See SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 486 B.R. 579, 584 (S.D.N.Y. 2011) ("[W]hether or not a bankruptcy court has the constitutional authority to enter a final decision . . . may be the most important factor in determining the permissive withdrawal of the bankruptcy reference.").  Wellmont filed the Motion to address the jurisdictional quagmire surrounding the trial of non-core claims, a serious problem faced by litigants in bankruptcy cases across the Country, including the United States Supreme Court in at least one pending appeal.  Lehman cannot, by accusing Wellmont of improper conduct, avoid the analysis of whether the Bankruptcy Court may enter final orders in the Adversary Proceeding.

As set forth in Motion, the Bankruptcy Court cannot enter final orders or conduct a jury trial without Wellmont's consent.  As discussed below, a case currently before the United States Supreme Court casts further doubt over the Bankruptcy Court's authority to enter orders in the Adversary Proceeding even with Wellmont's consent.  Based on the reasons set forth in the Motion, this Court has cause to withdraw the reference, and the Opposition provides no basis to deny the Motion.

## II.   <u>Argument</u>

The six factors set forth in *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095 (2d Cir. 1993) weigh heavily in favor of withdrawal.  *See* Mot. at 6. Without limitation, when a bankruptcy judge lacks the power to finally adjudicate an adversary proceeding, "there will be no advantage to allowing the matter to be heard in the Bankruptcy Court, because [the District Court] will eventually need to review the [Bankruptcy] Court's determinations *de novo* . . . ."  *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011).

### A.     The Bankruptcy Court lacks authority to enter a final judgment.

The Bankruptcy Court lacks final adjudicative authority in this proceeding because:  (i) Lehman's claims against Wellmont are non-core; (ii) even if Lehman's claims against Wellmont were classified as core, under *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011), the Bankruptcy Court lacks constitutional authority to enter a final order in this state law, private right, breach-of-contract suit; and (iii) Wellmont has a constitutional right to a jury trial and has not consented to a jury trial in the Bankruptcy Court.

2

(i)      **The Adversary Proceeding is non-core.**

Lehman does not address the Bankruptcy Court's final adjudicative authority over Lehman's breach of contract and breach of implied covenant of good faith and fair dealing claims (the "State Law Claims") in light of *Stern* or the core/non-core nature of the State Law Claims. Rather, Lehman attempts to bootstrap the non-core Adversary Proceeding into a core proceeding by pleading duplicative claims under 11 U.S.C. §§ 362 and 542 (the "Bankruptcy Claims"). Wellmont addresses the flaw of this tactic in the Motion. *See* Mot. at 7-9. Lehman cannot expand bankruptcy court jurisdiction by disguising state law claims as bankruptcy claims. *See In re Gen. Media, Inc.*, 335 B.R. 66, 76 (Bankr. S.D.N.Y. 2005); *In re CIS Corp.*, 172 B.R. 748, 756 (S.D.N.Y. 1994); *Lehman Brothers Holdings, Inc. v. Ford Global Treasury, Inc.*, Case No. 12 Civ. 8201 (RA), Docket No. 7, p. 4 (S.D.N.Y. April 8, 2013). The authority is clear, and the Opposition's only rebuttal is to argue the Bankruptcy Claims are core. Adding the Bankruptcy Claims, however, does not transform the "substance and spirit" of the Adversary Proceeding.[1] *See In re CIS Corp.*, 172 B.R. at 756. Thus, the Adversary Proceeding is a non-core breach of contract action, and the Bankruptcy Court cannot enter a final order. *See Mot*. at 7-9.

(ii)     **Even if core, the Bankruptcy Court lacks final adjudicative authority under *Stern*.**

In *Stern*, the Supreme Court held that bankruptcy courts lack the constitutional authority to enter final judgments on a state law counterclaims that are not resolved in the process of ruling

---

[1] In fact, the Bankruptcy Claims fail to state a claim upon which relief can be granted. *See e.g., Andrew Velez Constr., Inc., v. Consol. Edison Co. of NY, (In re Andrew Velez Constr., Inc.),* 373 B.R. 262, 273 (Bankr. S.D.N.Y 2007) (debtor cannot use the turnover provisions to liquidate contract disputes); *United Air Lines, Inc. v. City of L.A., (In re UAL Corp.)* 391 B.R. 791 (Bankr. N.D. Ill. 2008) (breach of contract is not a stay violation). Lehman's gratuitous assertion of the Bankruptcy Claims do not resolve the issue of whether the Bankruptcy Court has authority to enter final judgment or conduct a jury trial.

on a creditor's proof of claim.  131 S. Ct. at 2620; *see also Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989) (debtor's contract claim, brought to augment the estate, is a quintessential private-right, common-law claim).  The Motion sets forth why the Bankruptcy Court lacks final adjudicative authority under *Stern*.  (*See* Mot. at 9-11).  Lehman fails to provide any legal authority to the contrary.

Rather, Lehman cites a handful of decisions where district courts delayed withdrawal of the reference until later in the proceeding.  Lehman's selective citation of decisions does not create useful precedent for the Court in deciding the Motion.  First, significant post-*Stern* case law supports immediate withdrawal of the reference.  *See Dev. Specialists*, 462 B.R. at 467; *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Intern. Ltd.*, 905 F. Supp. 2d 526 (S.D.N.Y. 2012); *Kirshcenbaum v. Fed. Ins. Co., (In re EMS Fin. Serv., LLC)*, 491 B.R. 196 (E.D.N.Y. 2013); *Silverman v. Tudon Ins. Co., (In re Lenders Abstract and Settlement Servs., Inc.)*, 493 B.R. 385 (E.D.N.Y. 2013); *Geron v. Levine, (In re Levine),* No. 11 Civ. 9101(PAE), 2012 WL 310944 (S.D.N.Y. Feb. 1, 2012).  Second, and more important, Wellmont is entitled to a ruling based on the application of *Orion* to the specific facts and circumstances of this proceeding.  The Adversary Proceeding is distinguishable from the decisions Lehman cites.  *See* Mot. at 11-13.

For example, Lehman cites this Court's decision in *In re Lehman Bros. Holding Inc.,* No. 13 CIV. 07481 LGS, 2013 WL 6633431 (S.D.N.Y. Dec. 17, 2013) (J. Schofield).  Wellmont does not challenge the Court's decision in *Lehman Bros. Holding*, but the instant proceeding is distinguishable.  *Lehman Bros. Holding Inc.* involved issues of claim classification and priority, which the Court noted are the type of decisions that are almost exclusively determined by bankruptcy judges.  2013 WL 6633431 at *3.  The Adversary Proceeding, however, does not

implicate the claims process and does not raise any novel and complex issues of bankruptcy law.[2]  Lehman's claims against Wellmont are distinguishable from the claims in *Lehman Bros. Holding* because the Adversary Proceeding is nothing more than a state law breach of contract dispute, involving no adjudication of the classification and priority of claims against the estate, and would exist whether or not Lehman ever filed bankruptcy.  *See Complete Mgmt., Inc. v. Arthur Andersen, LLP, (In re Complete Mgmt., Inc.)*, No. 01-03459, 2002 WL 31163878 *3 (S.D.N.Y Sept. 27, 2002) (granting withdrawal of the reference of state law claims requiring jury trial and that would exists in the absence of debtor's bankruptcy).

More relevant than decisions concerning the timing of withdrawal is the recent development of Supreme Court jurisprudence on the authority of bankruptcy judges.  The Supreme Court currently is considering a case that could further limit the authority of bankruptcy judges.  *See Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, No. 12-1200 (U.S. argued Jan. 14, 2014).[3]  *Executive Benefits* raises numerous questions that have implications on the Bankruptcy Court's judicial authority in the Adversary Proceeding, some of which we are likely unable to identify at this time.

For example, in *Executive Benefits*, the Supreme Court will consider whether, following *Stern*, bankruptcy courts may exercise judicial power over core bankruptcy proceedings involving private state law rights solely on the basis of litigant consent.  Brief for Petitioner at I, *Executive Benefits*, No. 12-1200 (U.S. Sept. 9, 2013).  The petitioner argues, among other things, that the Supreme Court has "held that a violation of Article III implicating the separation of

---

[2] The only bankruptcy law issue in this proceeding is the substance of the Motion:  the Bankruptcy Court's authority to adjudicate the proceeding.

[3] Copies of all merit and amicus briefs filed in *Executive Benefits* are found at http://www.americanbar.org/publications/preview_home/12-1200.html.

powers cannot be waived or cured by litigant consent." *Id.* at 25 (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 850-851 (1986). Under *Stern*, permitting bankruptcy courts to enter final judgment in core proceedings involving private rights would "'compromise the integrity of the system of separated powers and the role of the Judiciary within that system.'" *Id.* at 26 (quoting *Stern* 131 S. Ct. at 2620). Therefore, petitioner argues, "'the parties cannot by consent cure the constitutional difficulty' identified in *Stern*." *Id.* at 27 (quoting *Schor*, 478 U.S. at 850-851).

As set forth in the Motion and further discussed below, Wellmont has not consented to the Bankruptcy Court's authority to enter final judgments in the Adversary Proceeding. But *Executive Benefits* could completely foreclose bankruptcy courts' authority to enter final judgments over private rights, regardless of consent. If the Supreme Court holds as such, the Bankruptcy Court would have no authority to enter a final judgment on the State Court Claims under any circumstance, even if Wellmont is deemed to have impliedly consented by filing a proof of claim.

Based on the issues presented in *Executive Benefits*, the imminent decision of the Supreme Court may affect the authority of the Bankruptcy Court to rule in the Adversary Proceeding in any number of ways that the Parties cannot predict and that the Court and Bankruptcy Court cannot anticipate. Thus, in light of *Stern* and the impending decision in *Executive Benefits*, judicial economy and efficiency are best served by the Court's immediate withdrawal of the reference to avoid the Constitutional uncertainty of the Bankruptcy Court's authority over the Adversary Proceeding.

(iii)    **Wellmont has a Seventh Amendment right to a trial by jury.**

Lehman argues Wellmont forfeited its right to a trial by jury by withdrawing its proof of claim.  First, the Court of Appeals for the Second Circuit has held that "neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed." *Germain v. Conn. Nat'l Bank,* 988 F.2d 1323, 1330 (2d Cir.1993).  "[T]he basis of the rule that a creditor's filing a proof of claim deprives the creditor of the right to a jury trial is jurisdiction."  *Kriegman v. Philips (In re LLS Am., LLC)*, 09-06194-PCW11, 2013 WL 1331025 at \*3 (Bankr. E.D. Wash. April 1, 2013).  "In light of *Stern,* the right to a jury trial on a claim brought by the estate against a creditor who has filed a proof of claim turns on whether it is necessary to resolve the estate's claim as part of ruling on the creditor's proof of claim."  *Id*.  If a ruling on a creditor's proof of claim is not necessary to resolve the estate's claim against the defendant, the jury trial right has not been waived.  *Id*. Because Wellmont withdrew its proof of claim, Wellmont has no proof of claim against Lehman to resolve in the Adversary Proceeding.  No further inquiry is necessary.  Wellmont has not waived its right to a jury trial.

Second, Lehman cites no legal support for their position that a party forfeits its right to a jury trial by withdrawing its claim *before an adversary proceeding is filed.  See, e.g., Hirsch v. London S.S. Owners' Mut. Life Ins. Ass'n Ltd. (In re Seatrain Lines, Inc.)*, 198 B.R. 45 (S.D.N.Y. 1996) (*after* adversary proceeding filed); *EXDS, Inc. v. RK Electric, Inc. (In re EXDS, Inc.)*, 301 B.R. 436 (Bankr. D. Del. 2003) (*after* adversary proceeding filed); *KHI Liquidation Trust v. Wisenbaker Builder Servs., Inc. (In re Kimball Hill, Inc.)*, 480 B.R. 894 (Bankr. N.D. Ill. 2012) (*after* adversary proceeding filed); *Kriegman*, 2013 WL 1331025 (*after* adversary proceeding filed); *See also*, *Enron Corp. v. Citigroup, Inc. (In re Enron Corp.)*, 349 B.R. 108 (Bankr.

S.D.N.Y. 2006) (no attempt to withdraw claim).  These cases are easily distinguished.  In each of the cases cited by Lehman, the creditor either attempted to withdraw a claim *after* the adversary proceeding was filed or never attempted to withdraw the claim.  In fact, one of the cases cited by Lehman even recites the distinction.  *See, e.g., EXDS*, 301 B.R. at 441 (recognizing the factual sequence distinction in *Smith v. Dowden* (*infra*) where creditor withdrew its proof of claim *prior to the filing of an adversary proceeding*).  Neither situation that would impair a defendant's jury trial rights applies here.

Wellmont withdrew its proof of claim *before* the Adversary Proceeding was filed.  A party who withdraws a proof of claim *prior to the initiation of an adversary proceeding* has neither submitted itself to the equitable jurisdiction of a bankruptcy court nor waived its Seventh Amendment right to a trial by jury.  *See e.g., Smith v. Dowden*, 47 F.3d 940, 944 (8th Cir. 1995) (finding a proof of claim withdrawn two years after filing the claim was filed rendered the claim a nullity, and, therefore, the creditors had not submitted to the equitable jurisdiction of the bankruptcy court or waived their Seventh Amendment right to a trial by jury.)  *Id*.; *see also In re 20/20 Sport*, 200 B.R. 972, 976 (Bankr. S.D.N.Y. 1996).

Wellmont's proof of claim is a nullity.  As a result, Wellmont neither submitted to the equitable jurisdiction of the Bankruptcy Court nor waived its Seventh Amendment right to a jury.  Therefore, as set forth in the Motion, "[t]he fact that an adversary proceeding concerns non-core matters for which the right to a jury trial is available is sufficient cause for discretionary withdrawal of the reference under § 157(d)." *Orion,* 4 F.3d at 1101.

### B.     Wellmont is not forum shopping.

Finally, Lehman's accusation of forum shopping is a red herring.  To put things in context, Wellmont filed its proof of claim on September 22, 2009, long before this dispute arose.

Despite Lehman's assertion that the proof of claim related to the matters at issue in this proceeding, the proof of claim encompassed a number of swap agreements between the Parties, not simply the TRS (as defined in the Motion).[4]  Wellmont filed the protective proof of claim in a contingent and unliquidated amount to preserve its rights to future payments under the swap agreements.  Wellmont did not file the proof of claim to assert a specific, liquidated claim to which Wellmont had an immediate right to payment.  Wellmont subsequently withdrew the contingent and unliquidated proof of claim because it no longer served a purpose in the bankruptcy and, after this dispute arose, to preserve its right to a trial by jury on the TRS.

After this dispute arose in 2011, the parties eventually conducted mediation pursuant to the Bankruptcy Court's mandated ADR process.  Thereafter, the parties extended these settlement negotiations, and Lehman specifically requested that Wellmont agree not to initiate litigation over the TRS.  Lehman therefore disclosed its concern that Wellmont would initiate a declaratory judgment action or other preemptive action in some other forum, such as its home forum in Tennessee.  Wellmont would not have agreed to this request if Wellmont intended to forum shop. Wellmont has never contested that this action would proceed in the Southern District of New York.

Further, forum shopping presumes there is a choice of at least two eligible forums. While the Eastern District of Tennessee may well have had subject matter jurisdiction (diversity) and personal jurisdiction over Lehman, this Court has jurisdiction under 28 U.S.C. § 1334.  The Bankruptcy Court lacks any jurisdiction independent of this Court's.  The Bankruptcy Court is a unit of this Court.  It is not a separate court, like the Eastern District of Tennessee, that can give rise to valid accusations of forum shopping.  Lehman might prefer that Wellmont and this Court

---

[4] Because Lehman has brought Wellmont's withdrawn proof of claim into question, Wellmont has attached a true and correct copy hereto as **Exhibit A** for the Court's reference.

ignore the jurisdictional admonition set forth in *Stern v. Marshall,* but Wellmont is well within its rights to challenge the Bankruptcy Court's constitutional authority to adjudicate this contract dispute.

Wellmont is not seeking a tactical advantage by moving the Adversary Proceeding to another court.  It is trying to deal with the difficult Constitutional jurisdictional issues that are still being fleshed out by the Supreme Court.  Wellmont wants to make sure this Court, the Bankruptcy Court, and the Parties do not waste an enormous amount of time and resources in proceedings that may later be deemed unconstitutional.  The difficult Constitutional issues at play in this proceeding resoundingly support the immediate withdrawal of the reference.

**III.**   **Conclusion**

For these reasons and the reasons stated in the Motion, Wellmont respectfully requests that the Court withdraw the reference under 28 U.S.C. § 157(d).

Dated: April 4, 2014                          By:

                                        /s/  Patrick Darby
                                        Patrick Darby (*pro hac vice*)
                                        Stewart M. Cox (*pro hac vice*)
                                        Joshua Daniel Johnson (*pro hac vice*)
                                        BRADLEY ARANT BOULT CUMMINGS LLP
                                        One Federal Place
                                        1819 Fifth Avenue North
                                        Birmingham, AL 35203
                                        Telephone:      (205) 521-8000
                                        Facsimile:      (205) 521-8800

                                        *Attorneys for Defendant Wellmont Health System*